**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

GAGANDEEP SINGH,                             )
                                             )
                    Petitioner,              )
                                             )
-vs-                                         )        NO.  CIV-26-0712-HE
                                             )
MARKWAYNE MULLIN, in his official            )
capacity as Secretary of the Department      )
of Homeland Security, et al.,[1]             )
                                             )
                    Respondents.             )

## ORDER

Petitioner Gagandeep Singh is a citizen and national of India.  He entered the United States in January of 2023 without permission and removal proceedings were commenced. He was detained by U.S. Immigration and Customs Enforcement on January 22, 2026 and is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

Petitioner previously sought habeas relief from this court in Case No. CIV-26-0262-HE.  The court concluded petitioner was being held pursuant to 8 U.S.C. § 1226(a) and was entitled to an individualized bond hearing.  Order, March 12, 2026 [Doc. #11 in CIV-26-262-HE]. Respondents were directed to conduct a bond hearing within seven business days or to release him if no hearing was provided.  Respondents conducted a hearing on March 20, 2026.

---

[1] *In accordance with Fed. R. Civ. P. 25(d), David Venturella, the acting director of U.S. Immigration and Customs Enforcement, is substituted for Todd Lyons.*

At the hearing, the Immigration Judge denied bond on the basis that petitioner was a flight risk. Order of the Immigration Judge, March 20, 2026 [Doc. #1-1, ECF p. 21]. According to petitioner, the only evidence submitted at the hearing was from him through his counsel, including identification and employment documents, a passport, tax documents, and a sponsor's letter of support. The government does not dispute petitioner's description of the evidence at the hearing.

Petitioner then filed this second petition for habeas relief. He contends that the hearing he received was inadequate, that the Due Process clause of the U.S. Constitution required the government to prove he was a flight risk, and that, as the government produced no evidence at the hearing, it failed to give him the individualized hearing and assessment to which he was entitled. The government has responded to the petition and Mr. Singh has replied.

Due Process – burden of proof

The matter of the allocation of the burden of proof at a § 1226 hearing is not addressed in that section or any other statute. The applicable regulations provide that the burden is on the non-citizen to establish that he or she is not a flight risk and not a danger to the community. 8 C.F.R. § 236.1(c)(8); In re Guerra, 24 I. & N. Dec. 37, 38 (BIA 2006). Neither the U.S. Supreme Court nor the Tenth Circuit have directly addressed what the Due Process clause requires in this precise context. Other courts have wrestled with the issue and, as with other issues involved in the current push for deportations, have reached differing conclusions. Some have concluded that the burden to show that an applicant is a flight risk or a danger to the community is on the government and that, as to one or both

2

standards, the government must make the necessary showing by clear and convincing evidence. *See* Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021) (gov't. must prove danger by clear and convincing evidence and flight risk by preponderance); Velasco Lopez v. Decker, 978 F.3d 842 (2nd Cir. 2020) (gov't has burden, by clear and convincing evidence, as to either element). Others have concluded that, in the special circumstances involved with immigration matters, Due Process standards are satisfied by putting the burden of proof on the non-citizen. Miranda v. Garland, 34 F.4th 338 (4th Cir. 2022); Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274 (3rd Cir. 2018). The present motion turns on, among other things, the question of which approach is correct.

In addressing the question, certain broad principles are clear. Both citizens and non-citizens qualify as "persons" within the meaning of the Fifth Amendment and are entitled to Due Process. Reno v. Flores, 507 U.S. 292, 306 (1993). And, as to non-citizens, that principle is true regardless of whether the non-citizen's presence in this country is lawful, unlawful, temporary or permanent. Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Further, it is clear that non-citizens are entitled to raise challenges to the lawfulness of their detention through a habeas corpus petition, asserting Due Process concerns as petitioner has done here. Boumediene v. Bush, 553 U.S. 723, 771 (2008).

But what is also clear is that the process which a non-citizen is "due" is not the same as that to which a citizen is entitled. The Supreme Court has recognized that "'[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens.'" Demore v. Kim, 538 U.S. 510, 521 (2003) (quoting Mathews v. Diaz, 426 U.S. 67, 79-80 (1976)). That flows from

3

recognition that "[p]olicies pertaining to the entry of aliens and their right to remain here are peculiarly concerned with the political conduct of government." Galvan v. Press, 347 U.S. 522, 531 (1954). Further, the Supreme Court has recognized that the power to expel or exclude non-citizens is "a fundamental sovereign attribute exercised by the Government's political departments, largely immune from judicial control." Fiallo v. Bell, 430 U.S. 787, 792 (1977) (quoting Shaughnessy v. Mezei, 345 U.S. 206, 210 (1953)).

Applying these principles, the Court has concluded that non-citizens detained at the border or "on the threshold" of the border have no Due Process rights beyond the rights recognized by statute. Department of Homeland Security v. Thuraissigiam, 591 U.S. 103, 139-140 (2020) (quoting Mezei, 345 U.S. at 212); *see also* United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 544 (1950) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."). That conclusion continues to apply to those stopped at the border and paroled into the country, potentially for years, pending removal proceedings. Thuraissigiam, 591 U.S. at 139. Once a non-citizen otherwise effects entry into the country, however, he or she may establish themselves sufficiently to be entitled to Due Process protections beyond those protections established by statute.

So the question here is what protections are required as to non-citizens in the status of petitioner --- a non-admitted alien with removal proceedings pending? Does petitioner have a Due Process right, over and above the statutory right to a detention hearing generally, to a hearing where the burden of proof is on the government to show he is a flight risk or danger to the community?

4

In deciding the process to which a particular person is "due" in a § 1226(a) hearing, the court applies the balancing test from Mathews v. Eldridge, 424 U.S. 319 (1976). *See* Marin v. King, 720 Fed. Appx. 923, 940-41 (10th Cir. 2018); J.B. v. Washington County, 127 F.3d 919, 924 (10th Cir. 1997).  That involves consideration of three specific elements: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.  Mathews, 424 U.S. at 335.  Applying these factors, the court concludes that Due Process does not require that the burden of proof on either of the required showings be shifted to the government.[2]

The court is mindful of the numerous cases around the country where courts have reached a different conclusion.  *See* Soto-Medina v. Lynch, 817 F.Supp.3d 612, 622 n. 2 (W.D. Mich. 2026); Castaneda-Castano v. Daley, Civil Action No. 26-145-DLB, 2026 WL 1223095, at **5-7 (E.D. KY. May 4, 2026) (discussing cases).  However, as noted above, the constitutional status of non-citizens who have not been lawfully admitted into the country is different from that of citizens.  Cases which analyze liberty interests generally, or which make only passing reference to the special status of non-admitted non-citizens,

---

[2] *The parties' briefing in this case does not undertake a meaningful discussion of the* Mathews *factors beyond their general contentions of what due process requires in this context.  However, this case is one of hundreds of reported cases to address the issue in the same context, arising out of the current onslaught of deportation proceedings and related habeas cases, and the court concludes further briefing is unnecessary to warrant a decision on the issue.*

5

appear to give less weight to the unique status of persons in the immigration context than the Supreme Court's precedents would suggest.  For example, addressing the "private interest" element, many cases talk about the centrality of a person's liberty interest in our constitutional scheme and that is no doubt true.  But the liberty interest of a non-citizen seeking admission to the United States and/or resisting removal proceedings is not the same as that of a citizen.  A citizen has the right, if released from detention, to be at liberty in the United States.  A non-citizen has no such right.  It is one thing to want to be released from detention --- a result which many in petitioner's circumstances could effect by agreeing to immediate removal from the country.  It is something else again to insist on being released into the United States.

Similarly, many of the cases addressing the burden to the government appear to give little weight to the factor the Supreme Court has said should be weighed "heavily":  the principle that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and legislature."  Landon v. Plasencia, 459 U.S. 21, 34 (1982).

In any event, the court concludes that the analysis of the Mathews factors reflected in the Fourth Circuit's decision in Miranda v. Garland, 34 F.4th 338 (4th Cir. 2022), is most consistent with the Supreme Court's decisions in this context.  Its analysis is substantially adopted here as the court's application of the Mathews factors.

In light of that analysis, the court concludes petitioner is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government.  No doubt there are reasons why shifting the burden might be viewed as more

6

fair or better policy, and at times that view has prevailed.[3]  But it is not this court's role to select the fairest policy or the best procedure to be employed.  Rather, the question is what the Constitution requires as a minimum standard.  For the reasons indicated, the court concludes Due Process is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) hearing.

Lack of individualized hearing

Petitioner's argument goes beyond objecting to the burden of proof requirement. He also contends, based on the government's lack of evidence and the government's alleged practices elsewhere, that he did not receive the "meaningful, individualized" review to which he was entitled.  The court concludes otherwise.

A substantial part of the basis for petitioner's objection to the hearing was the matter of the burden of proof.  As that issue has been resolved against petitioner, it substantially undercuts his other complaints.  If the burden is on the petitioner, it is the sufficiency of his showing that is at issue, not whether the government produced proof of its own.  As the Decker court noted, if the burden of proof is on the petitioner, the government does not have to produce any evidence to sustain its position.  Decker, 978 F.3d at 849.

To the extent that petitioner claims he didn't get an "individualized" review of his status, the court is unpersuaded.  He had a hearing, apparently directed to him and only

---

[3] See Decker, 978 F.3d at 848-9, noting that, for many years, the Attorney General exercised his discretion as to § 1226 hearings with a presumption in favor of release during the pendency of removal proceedings.

7

him.  The fact that it didn't result in a favorable decision does not establish that it wasn't real or individualized as that term is understood in this context.

What petitioner's argument really boils down to is disagreement with the Immigration Judge's determination and this court has no jurisdiction to review that determination.  Subsection (e) of § 1226 provides:

> The Attorney General's discretionary judgment regarding the application of [Section 1226] shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).  As a result, this court has no authority to reverse the IJ's determination so long as it did in fact involve a discretionary decision to deny bond.

Petitioner argues that, based on Wilkinson v. Garland, 601 U.S. 209 (2024), the court should view the application of the bond standards to the facts of his case as a question of law which it can review.  But Wilkinson involved a petition for review to the pertinent court of appeals from a hardship determination by the Bureau of Immigration Appeals addressing a request for cancellation of removal.  The Third Circuit had concluded it lacked jurisdiction based on 8 U.S.C. § 1252(a)(2)(B)(i), which, similar to § 1226(e), stripped courts of jurisdiction over discretionary decisions involving cancellation of removal.  But the Supreme Court concluded that 8 U.S.C. § 1252(a)(2)(D), which "restores jurisdiction to review 'questions of law'", applied, and that the application of the law to the facts there was not discretionary but was a mixed question of law and fact and, ultimately, a question of law over which the courts had jurisdiction.  Wilkinson, 601 U.S. at 217-219.  Section 1252(a)(2)(D) was essential to the Court's conclusion.  However, the language of that

8

subsection is explicitly directed to courts of appeal, not the court's generally,[4] and there is no parallel jurisdiction-restoring provision in § 1226.  In any event, the court concludes viewing the bond determination as a mixed question of law and fact does not result in giving this court the authority, as against the jurisdiction-stripping impact of § 1226(e), to review the determination.

There may be circumstances in which an IJ's determination is so lacking in evidentiary support, or is otherwise suspect, as to support a conclusion that a hearing was a sham, warranting further relief.  However, the record here falls short of establishing that. The absence of evidence proffered by the government does not, by itself, suggest anything improper.  Further, petitioner's assertion that immigration courts have "abruptly and uniformly ceased" granting bonds in cases like these across the country [Doc. #10 at 2] is inconsistent with this court's experience; there have been multiple instances of bonds being set in cases where this court ordered a § 1226 hearing to occur.  At least some judges are granting bonds in these circumstances.  The result is that, on the record here, petitioner has not shown a persuasive basis for challenging the presumption of regualrity that applies to the actions of government officers, *see* United States v. Armstrong, 517 U.S. 456, 464 (1996), and avoiding the impact of § 1226(e).

---

[4]  *Subsection 1252(a)(2)(D) provides:  "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (Emphasis added).*

Conclusion

For the reasons stated above, Mr. Singh's petition for writ of habeas corpus [Doc. #1] is **DENIED**.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 18th day of June, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE